UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 17-cv-22417-KMW

PRECIOUS DENNIS,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )
                                          )
FLORIDA DEPARTMENT OF                     )
CORRECTIONS,                              )
                                          )
                    Defendants.           )
_____   )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DIMISS**

Plaintiff, PRECIOUS DENNIS ("Plaintiff"), by and through the undersigned counsel,

pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Southern District of

Florida, hereby submits her Response to Defendant, FLORIDA DEPARTMENT OF

CORRECTIONS ("Defendant") Motion to Dismiss and states as follows:

**I. Procedural Background**

Plaintiff filed her original Complaint on June 28, 2017. Plaintiff's Complaint alleges

discrimination and retaliation in violation of Title VII, the Florida Civil Rights Act, and the

Americans with Disabilities Act ("ADA"). Plaintiff's Complaint also alleges one count of

negligent supervision. Defendant now asks this Court to dismiss Plaintiff's complaint in its entirety

for failure to state a claim. Defendant argues Counts V, VI, VII do not sufficiently plead that

Plaintiff suffers from a qualifying disability under the ADA. Defendant seeks dismissal of Counts

I and II on the grounds that the harassment is not objectively severe and pervasive nor is there a

tangible employment action. Dismissal of Counts III & IV is sought on the basis that Plaintiff has

not established a causal connection. Dismissal of Count VIII is sought on the basis that Plaintiff

has not alleged an underlying common law tort or compliance with the statute. Plaintiff agrees to the dismissal of Count VIII of her Complaint without prejudice.

Contrary to Defendant's assertions, Plaintiff has met the pleading requirements sufficient to state a claim for relief for all other counts. Additionally, Defendant attempts to impose pleading standards that are improper and exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida. Therefore, Plaintiff requests that the Court deny Defendant's Motion with prejudice. Alternatively, should this Court agree that Plaintiff's Complaint is insufficiently pled, Plaintiff requests leave to amend her Complaint within a reasonable time from the entry of Order granting Defendant's Motion to Dismiss.

## <u>MEMORANDUM OF LAW</u>

### *Federal Rule of Civil Procedure 12(b)(6) Standard*

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of bare bones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968). The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). It is only "when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action [that] dismissal of the complaint is appropriate." *Cabrera v. 27 of Miami Corp.*, 2009 U.S. Dist. LEXIS 64278 (citing *Excess Risk Underwriters, Inc. v. LaFayette Life Ins. Co.*, 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002). Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently pled. *Dotschay v. Nat'l Mut. Ins. Co.,* 246

F.2d 221, 222 (5th Cir. 1957). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). All reasonable inferences should be drawn in favor of the plaintiff. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). In evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept the factual allegations outlined in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Lotierzo v. Woman's WorldMed. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002).

## I. PLAINTIFF HAS SUFFICIENTLY PLED THAT SHE SUFFERS FROM A QUALIFYING DISABILITY.

In Counts V, VI, and VII of the Complaint, Plaintiff alleges claims for disability discrimination under the Americans with Disabilities Act ("ADA") and Florida Civil Rights Act ("FCRA"). [D.E. #1 at ¶¶ 64-91]. Plaintiff does not dispute that claims of handicap discrimination under the FCRA are analyzed under the same framework as a disability discrimination claim pursuant to the Americans with Disabilities Act ("ADA"). See, e.g., *Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1263-64 (11th Cir. 2007); *Byrd v. BT Foods, Inc.*, 948 So. 2d 921, 925 (Fla. 4th DCA 2007). Plaintiff does, however, dispute the sufficiency of her pleadings.

To establish a *prima facie* case of discrimination based on disability, the Plaintiff must show that she (1) is disabled; (2) is able to perform the essential functions of the job with or without reasonable accommodation, and (3) that she was subjected to discrimination because of her disability. *Greenberg*, 498 F.3d at1263; *see also Evans v. County of Alachua*, 937 So. 2d 693, 694 (Fla. 1st DCA

2006). At issue is whether Plaintiff alleged sufficient facts to demonstrate that she suffers from a disability within the meaning of the ADA.

An individual is "disabled" within the meaning of the ADA if they demonstrate: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1216 (11th Cir. 2004) (emphasis added).  Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and **working**." 42 U.S.C. § 12102(2)(A) (emphasis added). For an impairment to substantially limit the major life activity of "working," the condition "must significantly restrict . . . the ability to perform either a class of jobs or a broad range of jobs in various classes . . . ." *Pritchard v. S. Co. Servs.*, 92 F.3d 1130, 1133, *amended in part by*, 102 F.3d 1118 (11th Cir. 1996) (alterations in original). In *Carruthers*, the Court clearly established that a person is "regarded as" disabled if her employer perceives her as having an ADA-qualifying disability, **even if there is no factual basis for that perception**. *Carruthers,* 357 F.3d 1213 (11th Cir. 2004) (emphasis added). With respect to Counts V, VI, & VII, Plaintiff is proceeding under both subsections (A) and (C) of 42 U.S.C. §12102(1)(A)-(C), alleging alternatively that Defendant discriminated against her based on her actual disability, and  based on Defendant's regarding her as disabled.

Defendant takes issue with the sufficiency of facts provided by Plaintiff to establish that she suffered from a disability. However, Defendant simply ignores key components of Plaintiff's Complaint. Plaintiff's general allegations provide that on or about May 27, 2015, she suffered an injury and went on an approved leave for medical treatment for her broken hand. See Complaint ¶¶ 26-28. Plaintiff provided a doctor's note to the Defendant stating that she could not return to

work until at least June 2, 2015. ¶¶ 26-28. Plaintiff further alleged that Defendant's employment practice includes a 100% heal policy/practice. See Complaint ¶¶ 26-28. Plaintiff further establishes the extent of her injury and its substantial impairment when she alleges that the broken hand she sustained required hospitalization and time off from work. See Complaint ¶¶ 65-67. Plaintiff also pled in the alternative that Defendant regarded her as disabled due to her injury and Defendant's 100% heal policy, which would preclude her from returning to work for quite some time. *See* Complaint ¶¶ 26-28; 65-67. The reasonable inference to be drawn from these allegations is that Plaintiff's employer would not allow her to return to work until her hand was fully healed. After all, Plaintiff was a Corrections Officer, and the use of her hands is critical to, among other things, handling prisoners. It is therefore implied, that Plaintiff's ability to work, a major life activity, would be substantially limited until she was 100% healed, even if additional work restrictions were released by her physician prior to 100% recovery.

Further, Defendant cites to a line of cases primarily outside this jurisdiction, which turned on the standard for summary judgment, to argue that Plaintiff's failure to prove conclusively that her injury is a qualified disability under the ADA should result in dismissal. Although Defendant refers to its motion as a Motion to Dismiss, a cursory review of the Motion reveals that Defendant has chosen to directly address the merits of the case by raising disputed issues of fact, as opposed to challenging the legal sufficiency of allegations in Plaintiffs' Complaint, as would be proper in a motion to dismiss. *See Zoher v. Chase Home Financing*, 2010 WL 4064798 at *1 (S.D. Fla. 2010) (citing *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984) ("A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case.").

In *Snider*, as cited by Defendant, the Motion to Dismiss was denied on the very grounds Defendant argues here because, "…this argument requires the court to look beyond the face of the complaint and the court declines to do so since Snider has not had adequate time to conduct discovery on his claim and this analysis is more appropriate at the summary judgment stage." *See Snider v. U.S. Steel-Fairfield Works Med. Dept.*, 25 F. Supp. 3d 1361, 1366 (N.D. Ala. 2014). To require Plaintiff to delineate the full extent of her injuries and recovery without engaging in discovery would only serve to prejudice the Plaintiff and subject her to an excessively heightened pleading standard.

In an attempt to induce the Court to improperly and prematurely rule on the merits of Plaintiff's case, Defendant has raised several issues of fact in support of its Motion, requesting that this Court rule on these factual disputes. While a determination at summary judgment may prove different, the Court cannot now determine, based solely on the allegations in Defendant's Motion to Dismiss that Plaintiff has failed to prove that her injury is a qualified disability under the ADA and FCRA. Plaintiff has alleged that her employer had a 100% heal policy/practice. The reasonable inference to be drawn from this allegation, which must be taken as true at this point in the litigation, is that Plaintiff would be regarded by her employer as "disabled" within the meaning of the ADA. Given her job as a corrections officer, she would not be allowed to perform her work without the use of her hand.

Because the General Allegations within Plaintiff's complaint, coupled with the facts set out in Counts V, VI, & VII are sufficient to establish at this early stage that Plaintiff suffered from a qualifying disability pursuant to the ADA and FCRA, Defendant's Motion to Dismiss should be denied.

## II. Plaintiff has sufficiently pled a claim for harassment under both the Quid Pro Quo and Hostile Work Environment Theories.

Defendant accurately states that a quid pro quo claim requires Plaintiff to establish four elements: (1) that she belongs to a protected group, (2) that she was subjected to unwelcome sexual harassment, (3) that the harassment complained of was based on gender, and (4) that her reaction to the harassment affected tangible aspects of her compensation, or terms, conditions or privileges of employment. *Henson v. City of Dundee*, 682 F.2d 897, 909 (11th Cir.1982). Defendant appears to take issue with whether the conduct complained of by Plaintiff constitutes unwelcome sexual harassment and whether that harassment affected the tangible aspects of her compensation, terms, conditions or privileges of employment. See D.E.#10 at 11-14.

Although subtitle II of Defendant's Motion to Dismiss seems to address Plaintiff's claim for Quid Pro Quo sexual harassment, Defendant simultaneously challenges Plaintiff's claims under a hostile work environment theory. As such, Plaintiff will address the sufficiency of her claims as it relates to both Quid Pro Quo and Hostile Work Environment causes of action.

### a. Plaintiff has sufficiently pled that she was subject to unwelcome sexual harassment

E.E.O.C. regulations helpfully define conduct that may constitute sexual harassment: "sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. . . ." *Henson*, 682 F.2d 897 at 909 (citing 29 C.F.R. § 1604.11(a) (1981); s*ee also* E.E.O.C. Dec. No. 81-18, 27 Fair Empl. Prac. Cas. (BNA) at 1793, 1802-05 (April 3, 1981). To constitute harassment, conduct must be unwelcome, meaning the employee did not solicit or incite it and the employee regarded the conduct as undesirable or offensive. *Id.* (citing *Gan v. Kepro Circuit Systems, Inc.*, 28 Fair Empl. Prac. Cas. (BNA) 639, 27 Empl. Prac. Dec. (CCH) P 32,379, at 23,648 (E.D. Mo.1982); *Vinson v. Taylor*, 23 Fair Empl. Prac. Cas. (BNA) 37, 42 (D.D.C.1980); 29 C.F.R.

§ 1604.11(a) (1981) (only unwelcome sexual advances generate Title VII liability); Development, New EEOC Guidelines on Discrimination Because of Sex: Employer Liability for Sexual Harassment Under Title VII, 61 B.U.L.Rev. 535, 561 (1981) ("whether the advances are unwelcome . . . becomes an evidentiary question …")).

Defendant spends the entirety of this portion arguing that Plaintiff did not plead sufficient facts that she was subjected to requests for sexual favors. See D.E. #10 at 14. However, subjection to requests for sexual favors is but one of several types of conduct that may qualify as sexual harassment. *See Henson*, 682 F.2d 897 at 909. Furthermore, Plaintiff has incorporated her EEOC Notice of Right to Sue and Charge of Discrimination into her Complaint, solidifying her allegations.

In this Circuit, a document or statement, whether physically attached or not, may be incorporated to a pleading by reference so long as the document or statement is central to the issues and not in dispute. *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997); *see also*, PSLRA § 102(b), codified at 15 U.S.C. § 78u-5(e); *Eugene v. United Parcel Service, Inc.*, 7:11-CV-00118, Order on Motion to Dismiss (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2. (11th Cir. 1999)). If the document's contents are alleged in a complaint and no party questions those contents, the Court may consider such a document provided it meets the centrality requirements. *Id*.

In the present case, Plaintiff has alleged Title VII and FRCA discrimination. Here, the EEOC Charge is central to the complaint because the underlying allegations are violations of Title VII discrimination. Additionally, the contents of the EEOC Charge are not in dispute by either party. Therefore, this Court should also consider Plaintiff's EEOC Charge in ruling on Defendant's Motion to Dismiss.

Sexual harassment may also include sexual advances or other verbal or physical conduct of a sexual nature. *Id*. Plaintiff has pled facts to establish that she was subjected to both verbal and physical conduct sexual in nature. Specifically, Plaintiff states that Major Heron frequently isolated her and called her "babe," "baby," and "sweetheart," while pushing up close to her and getting his lips close to hers. See D.E. #1¶¶ 12-29; Plaintiff's Charge of Discrimination, Exhibit A. These facts are sufficient in detail to establish verbal or physical conduct sexual in nature. Additionally, Plaintiff's continued requests that Major Heron stop sexually harassing her establish that such sexual conduct was unwelcome and unsolicited by Plaintiff.

**b. Plaintiff has sufficiently pled two tangible, adverse employment actions undertaken by Major Heron, both tied to her refusal of his sexual advances.**

Defendant next takes issue with whether Plaintiff has sufficiently pled that Defendant's sexual misconduct as tied to the benefits of her employment. Again, the standard requires that the conduct either be tied to a benefit of employment or result in an adverse employment action. D.E. #10 at 11. Defendant's argument again ignores critical components of Plaintiff's complaint by focusing solely on the reprimand issued by Major Heron. In fact, Plaintiff alleges that she was subjected to two tangible, adverse employment actions, the reprimand for false eyelashes and her ultimate termination. See D.E. #1 Defendant argues that the reprimand of Plaintiff is not a tangible employment action. D.E. #10 at 11.

Defendant's assertion that only an employment *benefit* can suffice as a tangible employment action for a quid pro quo claim is incorrect. As in most cases, a negative effect on employment or an "adverse employment action" tied to the harassment can also suffice. *See Fields v. Atlanta Indep. Sch. Sys.*, 916 F. Supp. 2d 1348, 1365 (N.D. Ga. 2012); *Arnold v. Tuskegee Univ.*, 212 F. App'x 803, 807 (11th Cir. 2006). A tangible adverse employment action under Title VII

may be any serious and material alteration or change in the terms, conditions, or privileges of employment, that deprive Plaintiff of employment opportunities, or otherwise adversely affects Plaintiff's status as an employee. *Piccirillo v. City of Pembroke Pines*, 2016 U.S. Dist. LEXIS 33227 (citing *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239-40 (11th Cir. 2001)); *see also Stavropoulos v. Firestone*, 361 F.3d 610, 616-17 (11th Cir. 2004)); *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (citation omitted).

Defendant ignores the plethora of case law establishing that a written reprimand can be a sufficient tangible adverse employment action. Where a written reprimand ultimately results in the termination of the employee it constitutes a material change in the terms, conditions or privileges of employment. See *Braswell v. Allen*, 586 F. Supp. 2d 1297 (M.D. Ala. 2008) (citing *Keenan v. American Cast Iron Pipe Co.*, 707 F.2d 1274, 1277 (11th Cir. 1983) (a reprimand that has a meaningful adverse effect on an employee's working conditions may be cognizable under Title VII.).

To be actionable, the reprimand must "have an impact on an important condition of employment, such as salary, title, position, or job duties." See *McLeod v. Florida*, 2012 U.S. Dist. LEXIS 77588 (N.D. Fla. 2012) (citing *Pennington v. City of Huntsville*, 261 F.3d 1262, 1267 (11th Cir. 2001); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001). Where the Plaintiff alleged that such reprimand resulted in termination, it constitutes tangible employment action. See *Hudson v. Univ. of Ala. Healthcare Sys.*, 2016 U.S. Dist. LEXIS 101486 (N.D. Ala. 2016) (holding that because the amended complaint alleges that the plaintiff was told she was being fired due to her reprimand for returning late from the benefits fair, that reprimand constitutes an adverse employment action.)

Defendant's overly broad assertion that a reprimand is not a tangible employment action is improper. Plaintiff alleged the reprimand issued by Major Heron is what ultimately led to her termination. D.E. #1 P. 32; 42. Consider the temporal proximity:  Plaintiff alleges she was first harassed on or about April 15, 2015. D.E. #1 P. 17. Less than two weeks later, she filed a formal complaint. D.E. #1 P. 25. Approximately *one month* after that (June 1), she was terminated. D.E. #1 ¶ 29. Defendant's assertion that, there is no allegation that Major Heron actually terminated her employment or that he even had the authority to do so is simply incorrect. Plaintiff specifically alleges that as her direct supervisor, Major Heron took an adverse employment action against her and caused her to get fired.  See D.E. #1 ¶ 32. Therefore, Plaintiff has pled facts sufficient to establish that the reprimand issued by Major Heron is a tangible employment action resulting in a material change in the terms, conditions or privileges of employment.

Plaintiff has pled facts sufficient to establish that such harassment was unwelcome and affected the benefits of her employment. Therefore, Plaintiff requests that this Court deny Defendant's Motion to Dismiss on these grounds.

## c. The facts as alleged by Plaintiff are sufficient to establish the sexual harassment was severe and pervasive

Also at issue, is whether the sexual harassment as pled by Plaintiff is severe and pervasive. Harassment is severe and pervasive if the complaining employee perceives the harassment as severe and pervasive, and if a reasonable person in the plaintiff's position would adjudge the harassment to be severe and pervasive. *Piccirillo v. City of Pembroke Pines*, 2016 U.S. Dist. LEXIS 33227 (citing *Johnson v. Booker T. Washington Broadcasting Service*, Inc., 234 F.3d 501, 509 (11th Cir. 2000)). When analyzing this component of harassment, courts consider the frequency of the conduct, the severity of the conduct, **whether the conduct is physically threatening or humiliating**, or a mere offensive utterance, and **whether the conduct**

**unreasonably interferes with the employee's job performance**. *Id.* (emphasis added) (quoting *Mendoza v. Borden*, Inc., 195 F.3d 1238, 1246) (11th Cir. 1999). Whether sexual harassment at the workplace is sufficiently severe and persistent to affect the well-being of an employee is a question to be determined with regard to the totality of the circumstances. *Mendoza,* 195 F.3d 1246 (11th Cir. 1999), *see also* 29 C.F.R. § 1604.11(b) (1981).

Moreover, such inquiry is not appropriate at this stage of the proceedings. See *Medina v. United Christian Evangelistic Ass'n*, 2009 U.S. Dist. LEXIS 19515 (S.D. Fla. 2009). The *Medina* Court, in denying Defendant's Motion to Dismiss held that where "there may be some doubt as to how subjectively severe and pervasive the alleged harassment was … this doubt does not sink the claim at the motion to dismiss stage." *Id*. Furthermore, sexual harassment claims ultimately turn on whether the sexual advances were "unwelcome," a determination that should be left to the ultimate trier of fact. See 29 CFR § 1604.11(a) (1985); *see also Medina*, 2009 U.S. Dist LEXIS 19515 (citing *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 68, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986).

Plaintiff has pled that she frequently, over several weeks asked Major Heron to stop sexually harassing her, thereby indicating that such advances were ongoing, unwelcomed, and subjectively severe and pervasive. Further, any reasonable person would find it physically threatening and humiliating to be isolated, pressed against, almost kissed, and called "babe," "baby," and "sweetheart" by their superior. See D.E. #1 and Exhibit A. Finally, Plaintiff's complaint explicitly states that the benefits of her employment were impacted when the harassment drove her to the point of filing a complaint against Major Heron, for which she was subsequently reprimanded by Major Heron. See D.E. #1 ¶¶ 19-25; 39-43.

Again, Defendant cites to a line of cases which turn on the standard for summary judgment. Defendant continues to raise disputed issues of fact rather than challenging the legal sufficiency of allegations in Plaintiffs' Complaint. Whether the behavior of Major Heron goes far beyond mere name calling and "playfulness" as set out in the cases cited by Defendant, is an issue of fact, not an issue with the sufficiency of Plaintiff's pleadings. Plaintiff has sufficiently pled enough facts to establish a cause of action for sexual harassment under both the quid pro quo and hostile work environment standards, therefore, Defendant's Motion to Dismiss should be denied as to these Counts.

### III. Plaintiff has sufficiently alleged a causal connection between her protected activity and an adverse employment action.

In its third point, Defendant asserts that Plaintiff has failed to prove a causal connection under the "opposition clause" of Title VII, which in *Henderson*, was fatal to Plaintiff's claims on summary judgment. See D.E. 10 at 15-16. More specifically, Defendant argues that such proof fails due to Plaintiff's inability to specifically name the ultimate decision-maker(s) in this case, a fact Plaintiff could not possibly know without engaging in discovery. Again, Defendant's arguments directly address the merits of the case by raising disputed issues of fact rather than challenging the legal sufficiency of allegations in Plaintiffs' Complaint in Counts III & IV.

Assuming such issue is proper for a Motion to Dismiss, the causal connection component is construed broadly so that "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (quoting *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)). It is well established that corporate Defendants act and make decisions only through their agents. See *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993) (general agency principles govern the circumstances in which a principal will be held liable for the acts of its agents under Title VII). A showing that the decision-maker was aware of the protected conduct and that

there was a close temporal proximity between such awareness and the adverse action is sufficient to demonstrate that the protected activity and the adverse action are not wholly unrelated. *See Farley v. Nationwide Mut. Ins. Co*., 197 F.3d at 1337 (11th Cir. 1999) (finding a seven-week gap between the time plaintiff's supervisors learned of his complaint and his termination sufficient to create a causal nexus for purposes of establishing a prima facie case).

Moreover, retaliation claims have been upheld as sufficiently pled with a factual basis far thinner than Plaintiff's allegations here. In *MacArthur*, the Court established that, where Plaintiff alleged that he complained about discriminatory treatment to human resources, such factual allegations of a protected activity were enough to overcome a Motion to Dismiss. See *McArthur v. Northstar Funeral Servs. of Fla.*, LLC, 2011 U.S. Dist. LEXIS 43820 (S.D. Fla. 2011). It is well established that a court should consider the Plaintiffs' allegations as true in deciding a motion to dismiss. *Cruz v. Beto*, 405 U.S. 319 (1972); *Jackson v. Okaloosa County Fla.,* 21 F.3d 1531, 1534 (11th Cir. 1994). Should Defendant dispute any factual allegations made by Plaintiffs, it will have the opportunity to present evidence in support of its claims at the summary judgment stage. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Plaintiff pled facts to establish a sufficient causal connection. Specifically, that she was subjected to sexual advances from Major Heron beginning in April 2015. See Complaint ¶¶ 17-19. On May 27, 2015, Plaintiff filed a complaint against Major Heron within Defendant's own internal complaint procedure. See Complaint ¶ 25. Plaintiff then alleges that she was terminated as a result of her internal complaint. See Complaint ¶¶ 49-53.

All reasonable inferences lead to the conclusion that when Plaintiff filed her complaint within Defendant's own internal complaint procedure, Defendant, by virtue of its agents and employees, was thereby on notice of Plaintiff engaging in protected activity. Where Defendant is

on notice of Plaintiff's engagement in protected activity, coupled with the close temporal proximity between the protected activity and adverse employment actions, 4 days in this case, there exists sufficient facts to establish a causal connection for a prima facie case of retaliation.

Whether Plaintiff has justifications sufficient to support the causal connection between the alleged discriminatory conduct and adverse employment action is, again, a disputed matter of fact and is not a proper inquiry at this stage of the proceedings. Indeed, such allegations in the context of a motion to dismiss are clearly improper. Therefore, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss Counts III & VI.

### *IV. Plaintiff Agrees to the Dismissal of Count VIII of the Complaint*

Plaintiff agrees to the dismissal of Count VIII of her Complaint without prejudice.

### *V. In the alternative, Plaintiff should be provided leave to Amend the Complaint*

If, contrary to Plaintiff's arguments as to Counts I-VII, this Court finds Plaintiff's complaint lacking sufficient specificity, Plaintiff requests leave to file an Amended Complaint. Rule 15 of the Federal Rules of Civil Procedure states that a court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15. As a general rule, even though a court may grant a defendant's motion to dismiss, the court "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 fn6 (5th Cir. 2000); see also *United States v. Korman,* 2009 U.S. Dist. LEXIS 75328. Therefore, this Court should grant Plaintiff leave to file an amended complaint if this Court finds that Plaintiff's Complaint is insufficient.

**WHEREFORE**, Plaintiff prays this Court enter an Order denying Defendant's Motion to Dismiss or, in the alternative, grant Plaintiff leave to amend the Complaint.

Dated: September 05, 2017.

                                                   Respectfully submitted,

                                                   **<u>s/Vanessa Steelman</u>**
                                                   Vanessa Steelman (FBN: 0125587)
                                                   E-mail:vsteelman@saenzanderson.com
                                                   SAENZ & ANDERSON, PLLC
                                                   20900 NE 30th Avenue, Ste. 800
                                                   Aventura, Florida  33180
                                                   Telephone: (305) 503-5131
                                                   Facsimile: (888) 270-5549
                                                   *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 05, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Vanessa Steelman**

## SERVICE LIST

### PRECIOUS DENNIS v. FLORIDA DEPARTMENT OF CORRECTIONS
Case No. 17-cv-22417-KMW
**United States District Court, Southern District of Florida**

Vanessa Steelman
E-Mail:vsteelman@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida  33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*

OSCAR E. MARRERO
oem@marrerolegal.com
LOURDES E. WYDLER
lew@marrerolegal.com
ALEXANDRA C. HAYES
ach@marrerolegal.com
MARRERO & WYDLER
2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)
*Attorneys for Defendant FDC*