UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-22417-KMW

PRECIOUS DENNIS,

 Plaintiff,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

 Defendant.
_____/

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

 Defendant, STATE OF FLORIDA DEPARTMENT OF CORRECTIONS ("FDC"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Southern District of Florida Local Rule 7.1, hereby files this Reply Memorandum in Support of its Motion to Dismiss, and states:

 Plaintiff's Response in Opposition attempts to avoid dismissal by relying on outdated and unpersuasive case law while ignoring the specific legal deficiencies raised in FDC's Motion to Dismiss. The entire premise of Plaintiff's Response mistakenly assumes FDC relied on facts and legal arguments outside the scope of the Complaint. However, under the applicable legal standards, Plaintiff's allegations, if assumed to be true and eventually proven through discovery, would remain legally insufficient to maintain a cause of action under the ADA or Title VII. The Complaint should therefore be dismissed with prejudice in its entirety.

**I.** **A BROKEN HAND REQUIRING ONLY SIX DAYS OF ABSENCE DOES NOT QUALIFY AS A DISABILITY UNDER THE ADA**

Plaintiff's only argument in opposition to FDC's Motion to Dismiss her ADA claims is that discovery is necessary to "prove conclusively that her injury is a qualified disability under the ADA". [D.E. #13, p. 5]. In support of this assertion, Plaintiff's argument that FDC has raised disputes of fact outside the scope of her Complaint, rather than challenging the legal sufficiency of the allegations, "as would be proper on a motion to dismiss". [D.E. #13, p. 5-6]. This argument either wholly misunderstands or willfully ignores the legal arguments raised in FDC's Motion to Dismiss. Looking solely to the facts alleged in Plaintiff's Complaint, her injury is legally insufficient to qualify as a disability under the ADA.

The Complaint alleges that Plaintiff suffered from an actual disability or was perceived as disabled by FDC. [D.E. #1 at ¶ 76]; [D.E. #13, p. 4]. Under the well-established case law of the Eleventh Circuit, the alleged impairment must substantially limit one or more major life activities. *Buford-Clark v. Birmingham Bd. of Educ.*, 2015 WL 225464, at *3 (N.D. Ala. 2015) (citing 42 U.S.C. § 12102(1)). The pleading requirements of Rule 8 requires plaintiffs to allege facts demonstrating how the alleged impairment substantially limits those life activities. *Id*. (dismissing plaintiff's ADA discrimination claim on a motion to dismiss for failure to adequately allege a *prima facie* case). Simply pleading ultimate conclusions that the Plaintiff that she suffers from an impairment, has a record of such impairment, or is regarded as having such an impairment will not suffice. *Id*.

Contrary to Plaintiff's assertions, *Snider v. U.S. Steel-Fairfield Works Med. Dept.*, makes no mention of the supposed impropriety of dismissing an ADA claim at the motion to dismiss stage where, as here, the Plaintiff has failed to allege sufficient facts demonstrating she suffered from a qualifying disability. 25 F. Supp. 3d 1361, 1366 (N.D. Ala. 2014), *aff'd,* 591 Fed. Appx. 908 (11th Cir. 2015). However, in a related filing, the *Snider* court held that a motion to dismiss

on the basis that the plaintiff was not otherwise qualified to perform the essential functions of his job was inappropriate at that time as such allegations were outside the scope of the complaint and that evidence was in possession of the employer. *Snider v. U.S. Steel-Fairfield Works Med. Dept.*, 2013 WL 1278973, at *3 (N.D. Ala. 2013). To the contrary, FDC challenges whether the allegations contained in the Complaint rise to the level of a substantially limiting physical impairment within the meaning of the ADA. *See* [D.E. #10, p. 6-10]. This argument does not raise issues outside the scope of the Complaint, nor does it improperly raise issues of fact; it is a direct challenge to the legal sufficiency of the Complaint.

While it is true the Plaintiff alleged in her Complaint that FDC had a 100% heal policy for employees to return to work from injuries, it is also indisputable that she alleges **her doctor certified her to return to work after only a six-day absence**. [D.E. #1 at ¶¶ 26-29]. Although Plaintiff would like the Court to infer from these allegations that she suffered from a substantially limiting impairment, case law clearly establishes that such a transitory injury is legally insufficient to fall within the protections of the ADA, even after the 2008 amendments. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246-47 (11th Cir. 2015) (affirming district court's granting of a motion to dismiss ADA claims with prejudice for failure to allege that plaintiff suffered from a qualifying disability); *see also Leone v. All. Foods, Inc.*, 2015 WL 4879406, at *7, fn. 8, 10 (M.D. Fla. 2015) (temporary, non-chronic conditions of short duration, such as broken bones, do not qualify as disabilities, even after amendments to the ADA); *Purvis v. Hospice*, 2017 WL 1173580, at *6 (D.S.C. 2017) (broken ankle that caused plaintiff to miss less than six months of work was transitory and minor. Plaintiff therefore could not establish that she was actually disabled or regarded as disabled); *Clark v. Boyd Tunica, Inc.*, 2016 WL 853529, at *4-5 (N.D. Miss. 2016), *aff'd,* 665 Fed. Appx. 367 (5th Cir. 2016) (plaintiff's ability to return

to a demanding physical job two months after suffering a broken foot rendered her injury non-disabling under ADAAA); *Apostol v. Castro Valley Unified Sch. Dist.*, 2011 WL 5104361, at *3 (N.D. Cal. 2011) (temporary limitations caused by broken bones do not rise to the level of substantial impairment necessary to qualify as a disability under the ADA); *Street v. Maverick Tube Corp.*, 2016 WL 8711338, at *6 (S.D. Tex. 2016), *rep. and rec.,* 2016 WL 3948106 (S.D. Tex. 2016) (dismissing ADA claim with prejudice because "it is well-settled that a temporary injury, such as a broken foot, is not considered a 'disability' under the ADA); *Kruger v. Hamilton Manor Nursing Home*, 10 F. Supp. 3d 385, 389 (W.D.N.Y. 2014) (dismissing with prejudice disability discrimination claim based on broken arm for failure to allege any facts describing how injury substantially limited major life activities to qualify as a disability); *Zick v. Waterfront Com'n of New York Harbor*, 2012 WL 4785703, at *5 (S.D.N.Y. 2012) (dismissing complaint with prejudice because broken leg is not a disability under the ADA).

Notably, the Response fails to cite a single case controverting the legal arguments raised in FDC's Motion to Dismiss, challenging that Plaintiff's broken hand is a qualifying disability under the ADA. [D.E. #13, p. 3-6). The Response further ignores that several of the cases cited in FDC's Motion determined that the various plaintiffs did not suffer from actionable disabilities at the motion to dismiss stage. *See e.g.*, *Street*, 2016 WL 8711338, at *6; *Kruger*, 10 F. Supp. 3d at 389; *Zick*, 2012 WL 4785703, at *5. That Plaintiff had to miss approximately one-week of work pursuant to FDC's 100% heal policy further fails to raise a plausible inference that FDC would have regarded her as disabled. *Surtain*, 789 F.3d at 1246-47. Moreover, the courts of this Circuit have repeatedly held that such minor and transitory injuries with an actual or expected duration of six months or less are legally insufficient for an employee to be perceived as disabled under 42 U.S.C. § 12102(3)(B). *Hutcherson v. Int'l Marine & Indus. Applications, LLC*, 2016

WL 1444627, at *3 (S.D. Ala. 2016); *Hammonds v. Dolgencorp, LLC*, 2015 WL 12591769, at *8 (N.D. Ga. 2015); *Snider*, 25 F. Supp. 3d at 1366, *aff'd,* 591 Fed. Appx. 908 (11th Cir. 2015). Plaintiff's minor, transitory injury that allowed her to return to work in less than one week pursuant to a 100% heal policy is legally insufficient to qualify as a disability under the ADA. Plaintiff's disability discrimination claims in Counts V, VI, and VII must therefore be dismissed with prejudice as a matter of law.

II. **PLAINTIFF'S COMPLAINT FAILS TO ESTABLISH EITHER A *QUID PRO QUO* OR HOSTILE WORK ENVIRONMENT CLAIM FOR HARASSMENT**

Although Plaintiff has captioned Counts I and II of her Complaint as claims for *quid pro quo* sexual harassment and claims as much in her Response, the supporting factual allegations and legal arguments raised show that her claim is, in actuality, a claim for hostile work environment. Nonetheless, her claims are due to be dismissed under either theory for failure to state a cause of action.

Plaintiff primarily argues that she can proceed to discovery on *quid pro quo* harassment claims because, although the Complaint does not allege that she was subjected to requests for sexual favors, such requests are one of several types of conduct that may qualify as sexual harassment. [D.E. #13, p. 8]. This argument ignores the clear distinction the Eleventh Circuit made in *Henson* between *quid pro quo* and hostile work environment claims. A *quid pro quo* case is fundamentally different from a hostile work environment case because the supervisor relies upon his apparent or actual authority to affected tangible aspects of the employee's compensation, terms, conditions, or privileges of employment to extort sexual consideration from an employee. *Henson v. City of Dundee*, 682 F.2d 897, 909-10 (11th Cir. 1982). Thus, "[t]he acceptance or rejection of the harassment by an employee must be an express or implied condition to the receipt of a job benefit or the cause of a tangible job detriment in order to create

liability under this theory of sexual harassment." *Id*. at 909. Plaintiff's tacit admission that there was no receipt of any job benefit or threat to cause a tangible job detriment conditioned upon her rejection of the alleged harassment from Major Heron, she has failed to state a claim for *quid pro quo* harassment. [D.E. #13, p. 8-9].

      Plaintiff's Response fails to clarify any instance in which Major Heron premised Plaintiff's continued employment upon her acquiescence to a requested she perform any sexual act, go on a date with him, or tried to commit a sexual act against her will. *Bryant v. Sch. Bd. of Miami Dade County*, 142 Fed. Appx. 382, 383-84 (11th Cir. 2005). Nor does the EEOC charge attached to Plaintiff's Complaint provide any further support for her claim that her termination was a result of Major Heron issuing a reprimand, or that the reprimand was in retribution for Plaintiff's requests for him to stop calling her by various terms of endearment. [D.E. #1, Ex. A]. In fact, the EEOC Charge identifies several other FDC individuals within the chain of command, further obfuscating whether Major Heron had the authority to take tangible action against the Plaintiff. Like a retaliation claim, it takes more than curious timing and speculative theories to plausibly allege that a supervisor took adverse action in retribution for a plaintiff's failure to acquiesce to sexual demands. *See Schmidt v. City of Atlanta*, 558 Fed. Appx. 953, 955 (11th Cir. 2014) (citing *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997). The allegations therefore fail to establish that Major Heron conditioned Plaintiff's continued employment on her acceptance of any sexual demand. Her *quid pro quo* claims must therefore be dismissed as a matter of law.

      Although Plaintiff may have subjectively believed that Major Heron's use of various terms of endearment was severe or pervasive, any remaining hostile work environment claim nonetheless fails as a matter of law because the case law conclusively establishes that such

conduct is **not** objectively severe or pervasive. *Maddin v. GTE of Florida, Inc.*, 33 F. Supp. 2d 1027, 1032 (M.D. Fla. 1999) (allegations that included a supervisor repeatedly addressing plaintiff with the terms "gorgeous," "babe," "doll," "good-looking," "honey," "sweety," and "beautiful;" playing with plaintiff's hair; stating to her, "You know, in another life you and I would have been lovers;" reviewing plaintiff's work more closely than the work of other employees; and supervisor's act of placing his hand over plaintiff's face and telling her to "shut up" is not sufficiently severe or pervasive); *Byrd v. Donahoe*, 2013 WL 12097641, at *12 (N.D. Ga. 2013) (quoting *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999)), *aff'd sub nom. Byrd v. Postmaster Gen.*, 582 Fed. Appx. 787 (11th Cir. 2014) (being addressed as "baby girl," "babes," "baby," "sweetheart," "darling," "sugar," "shorty or shawty," "my dawg (dog)," or "my N*, as well as being hugged and touched, may have been annoying, boorish, or even offensive, but does not constitute severe and pervasive harassment); *Anderson v. Surgery Ctr. of Cullman, Inc.*, 2017 WL 1210122, at *22 (N.D. Ala. 2017) (being called "baby" and hugged several times is not severe or pervasive). Again, Plaintiff has failed to cite to any case law presenting materially similar facts that would support her assertion that such minor conduct is objectively severe or pervasive. Counts I and II should therefore be dismissed with prejudice as a matter of law for failure to state a cause of action.

### III.   PLAINTIFF HAS FAILED TO STATE A *PRIMA FACIE* CASE OF RETALIATION AS A MATTER OF LAW

Plaintiff once again challenges the propriety of FDC's motion to dismiss by asserting that FDC has improperly challenged the merits of her claim by raising factual disputes. [D.E. #13, p. 13]. However, FDC's Motion directly challenges the legal sufficiency of Plaintiff's *prima facie* case based solely on the allegations presented in Plaintiff's Complaint. The Response is correct in stating that a causal connection can be established by showing close temporal proximity

between the protected activity and adverse action, and that the decision-maker was aware of the protected activity. The Complaint fails to establish either of these elements. *See Thampi v. Manatee County Bd. of Com'rs*, 384 Fed. Appx. 983, 990 (11th Cir. 2010) (quoting *Shannon v. BellSouth Telecomm., Inc.,* 292 F.3d 712, 716 (11th Cir. 2002)). Curious timing and speculative theories of when the decision-maker might have learned of the protected activity will not suffice to establish causation. *Schmidt v. City of Atlanta*, 558 Fed. Appx. 953, 955 (11th Cir. 2014) (citing *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997).

The allegations of Plaintiff's Complaint and her EEOC charge establish that she complained to the duty warden of the facility. [D.E. #1, Ex. A]. The Complaint is devoid of any allegation even suggesting who made the ultimate employment decision. Even assuming that the Complaint supports an inference that Major Heron was the ultimate decision-maker, there is nothing in the allegations that supports an inference he was aware of Plaintiff's complaints to the duty warden at the time of her separation. Having failed to identify an actual decision-maker or create an inference that the decision maker was aware of the protected activity, she has failed to allege a *prima facie* case of retaliation under the opposition clause. *Thampi*, 384 Fed. Appx. at 990; *Henderson*, 442 Fed. Appx. at 507; *Schmidt*, 558 Fed. Appx. at 955. Counts III and IV should therefore be dismissed as a matter of law.

### IV. PLAINTIFF'S STATE LAW CLAIM FOR NEGLIGENT SUPERVISION, TRAINING, AND RETENTION MUST BE DISMSISED WITH PREJUDICE

Although Plaintiff has conceded to dismissal of Count VIII without prejudice, such a dismissal with leave to allow her to re-plead this claim would be inappropriate. Under Florida law, plaintiffs that intend to bring tort claims against any state agency or subdivision must comply with the pre-suit notice requirements of § 768.28, Fla. Stat. Pursuant to these notice provisions, "[a]n action may not be instituted on a claim against the state or one of its agencies or

subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also… to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing." § 768.28(6)(a), Fla. Stat. Although dismissal without prejudice is typically appropriate to allow a plaintiff to allege compliance, such permission is not necessary and would be inappropriate in this case because the claim is not premised on any underlying common law tort.

"'To prevail on a claim of negligent supervision, retention, or training, the plaintiff must demonstrate that the defendant employer owes a duty to the plaintiff, the breach of which is the proximate cause of the plaintiff's injuries.'" *Gutman v. Quest Diagnostics Clinical Labs., Inc.*, 707 F. Supp. 2d 1327, 1331 (S.D. Fla. 2010) (quoting *Latson v. Hartford Ins.,* 2006 WL 485097, *4 (M.D.Fla. 2006). The underlying wrong for such a claim must be premised on a common law tort. *Gutman*, 707 F. Supp. 2d at 1331 (citing *Footstar Corp. v. Doe,* 932 So.2d 1272, 1278 (Fla. 2d DCA 2006)). Florida law does not recognize a common law tort of discrimination in violation of Title VII, the FCRA, or the ADA. *Freese v. Wuesthoff Health Sys., Inc.,* 2006 WL 1382111, *9 (M.D. Fla. 2006) (granting motion to dismiss because negligent training and supervision claims stemmed from the failure of the defendant to correct a situation in which plaintiff alleged that supervisors and employees harassed and discriminated against her in violation of Title VII, the ADEA and FCRA, which are not common law causes of action); *Gutman*, 707 F. Supp. 2d at 1332 (same); *Castleberry v. Edward M. Chadbourne, Inc.*, 810 So.2d 1028, 1030 (Fla. 1st DCA 2002); *Willis v. Publix Super Markets, Inc.*, 2015 WL 310541, at *6 (M.D. Fla. Jan. 26, 2015), *aff'd,* 619 Fed. Appx. 960 (11th Cir. 2015). Thus, dismissal without prejudice is not appropriate and Count VIII must be dismissed with prejudice as a matter of law.

WHEREFORE, the Defendant, STATE OF FLORIDA DEPARTMENT OF CORRECTIONS, respectfully requests this Court grant its Motion to Dismiss, and any other relief deemed appropriate.

I hereby certify that on this 21st day of September, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        MARRERO & WYDLER
        Attorneys for Defendant FDC
        2600 Douglas Road, PH-4
        Coral Gables, FL 33134
        (305) 446-5528
        (305) 446-0995 (fax)

        BY /s/ Lourdes Espino Wydler_____
            OSCAR E. MARRERO
            F.B.:  372714
            oem@marrerolegal.com
            LOURDES ESPINO WYDLER
            F.B.:  719811
            lew@marrerolegal.com
            ALEXANDRA C. HAYES
            F.B.:  109482
            ach@marrerolegal.com

*Dennis v. Florida Department of Corrections*
*District Court Case No.: 1:17-CV-22417-KMW*
*Page 11*

## SERVICE LIST
## 1:17-CV-22417-KMW

Counsel for Plaintiff:
R. Martin Saenz, Esq.
Msaenz@saenzanderson.com
FBN:  0640166
Ria N. Chattergoon, Esq.
ria@saenzanderson.com
FBN:  015099
Vanessa Steelman, Esq.
vsteelman@saenzanderson.com
FBN: 0125587
SAENZ & ANDERSON PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, FL 33180
(305) 503-5131
(888) 270-5549 (fax)